## E. T. SLATTERY CO. v. LAMSON CO.

(Circuit Court of Appeals, First Circuit.   June 10, 1924.)

### No. 1738.

Patents ⊕328—968,576, claims 1 and 2, for valve mechanism in open vacuum cash carrier systems, held valid and infringed.

Libby patent, No. 968,576, claims 1 and 2, for valve mechanism in open vacuum cash carrier systems, preventing needless suction of air when tube is not in use, *held* valid and infringed.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Suit in equity by the Lamson Company against the E. T. Slattery Company. From a decree for plaintiff (296 Fed. 724), defendant appeals. Affirmed.

W. P. Preble, of New York City, and Alex D. Salinger, of Boston, Mass., for appellant.

Robert Cushman, of Boston, Mass. (Roberts, Roberts & Cushman, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge.   This is a suit for infringement of letters patent No. 968,576 to Charles R. Libby, applied for May 14,

---

[1] This proceeding was before there were two judges regularly appointed in this district.

1908, issued August 30, 1910, for improvements in pneumatic dispatch apparatus.

The District Court found that claims 1 and 2 of the patent were infringed, and the defendant took this appeal. These claims read as follows:

"1. In a pneumatic dispatch tube apparatus, a tube for the transmission of carriers, an exhaust tube, a normally closed air valve located in said exhaust tube, a mechanism for operating said valve, a connection between said exhaust tube and said transit tube for normally permitting a minimum flow of air through said transit tube, and means adapted to operate by the restriction of said flow of air to operate said mechanism for opening said air valve to create a maximum flow of air through said transit tube for driving carriers.

"2. In a pneumatic dispatch tube apparatus, a tube for the transmission of carriers, an exhaust tube, a normally closed air valve controlling the flow of air through said exhaust tube, means normally permitting a restricted flow of air through said transit tube, mechanism for operating said air valve, and means adapted to operate upon the cutting off of said restricted flow of air for operating said mechanism and opening said air valve to permit a maximum flow of air through said transit tube for driving carriers."

The plaintiff's patent relates to a vacuum cash carrier system and consists essentially of a tube open at one end to the air and connected at the other with an exhaust pump, and of cylindrical carriers adapted to fit like a piston in the tube. When a carrier is inserted it is pushed forward in the tube by the atmosphere behind it against a partial vacuum in front of it, until it reaches the point of discharge. Formerly in such systems the intake end of the tube was left open and a continuous current of air to the full capacity of the tube was constantly drawn through it. This resulted in a waste of power as the tube was in actual use only a small part of the time. To overcome this Libby introduced into the suction part of the tube, near the exhaust pump and out of the range of the passage of the carrier, a valve which normally closes the tube, but opens automatically whenever a carrier is inserted in the tube. This valve is operated pneumatically. It opens on the insertion of the carrier and closes at or about the time of its discharge. When the valve is open the system permits of a maximum flow of air, and when closed, due to the presence of a restricted by-pass, a minimum flow. When the valve is closed the transit portion of the tube is out of use, and the minimum flow of air then established through the restricted by-pass lessens the power required to be exerted by the pump.

In the District Court it was found that Libby was the first to introduce this method of controlling the air current in an open system, and because of this his claims were entitled to a fairly broad construction, in which conclusion we fully agree.

The two claims in issue are substantially the same, and relate to the mechanism for opening the principal or normally closed air valve to permit the maximum flow of air through the tube for driving the carrier. They embody the following elements: (1) A normally closed air valve; (2) mechanism for operating said air valve; (3) a connection or means between the exhaust tube and the transit tube for normally permitting a minimum flow of air through the transit tube; and (4) means adapted to operate on the cutting out of the restricted flow by the introduction of a carrier and to cause the valve mechanism to open the

valve. All the elements of these claims are found in the defendant's device, unless it be the first, which relates to the normally closed air valve located in the exhaust tube. In the Libby patent this valve closes tight, cutting off the maximum flow, and the minimum flow is through a pipe by-pass connecting into the tube above and below the closed valve. The defendant's device does not have a pipe by-pass. But its principal valve, when in its closed position, is not seated, and leaves a small space or pass between the valve and its seat, through which the minimum flow passes. The valve in this closed position functions to cut off the maximum flow of air, and the minimum flow passes through the by-pass formed between the valve and its seat. The functions of the valves in the two devices are the same, viz.: When open they permit a maximum flow; when closed they shut it off, the minimum flow then being cared for by the respective by-passes.

We are therefore of the opinion that the defendant's device contains every element of these claims and infringes.

The decree of the District Court is affirmed, with costs to the appellee.