**LAMSON CO. v. E. T. SLATTERY CO. et al.**

(District Court, D. Massachusetts. September 25, 1924.)

No. 1986.

**1. Patents ⟾328—968,576, claim 1, for valve mechanism in vacuum cash carrier system, construed.**

Libby patent, No. 968,576, claim 1, for valve mechanism in vacuum cash carrier system, incorporating "a normally closed air valve, * * * mechanism for opening said valve, * * * and means adapted to operate * * * said mechanism," *held* to include controlling valve as element; word "means" having reference to controlling valve and its various parts.

**2. Patents ⟾328—968,576, claims 1, 2, for valve mechanism in cash carrier system, held not infringed.**

Libby patent, No. 968,576, claims 1, 2, for valve mechanism in open vacuum cash carrier system, *held* not infringed.

In Equity. Suit by the Lamson Company against the E. T. Slattery Company and others. Decree for plaintiff was affirmed by the Circuit Court of Appeals. On plaintiff's petition for contempt. Petition dismissed.

Robert Cushman, of Boston, Mass., for plaintiff.

Merrell E. Clark and Wm. P. Preble, both of New York City, and George A. Sweetser, of Boston, Mass., for defendants.

MORTON, District Judge. After the decision of the District Court (296 Fed. 724) had been affirmed by the Circuit Court of Appeals (299 Fed. 285) an injunction was issued in the usual form restraining the defendants from infringing the first two claims of the patent. The defendants thereupon installed a different type of valve, which, in the opinion of their counsel, avoided infringement. The plaintiff contends that the new valve infringes the claims of the Libby patent, on which the injunction issued, and that the defendants are consequently in contempt. The question has been fully heard.

The defendants' new valve is in certain respects quite different from that on which the suit was based. The controlling valve of the patent, its diaphragm, and all its other parts have been entirely eliminated. The main valve is now opened directly by the increased suction on its diaphragm, caused by the introduction of a carrier.

The back side of this diaphragm is at all times open to atmospheric pressure, the inside to the partial vacuum of the tube. The valve is normally held in its closed position by a coil spring, which reinforces the normal vacuum of the tube and overcomes the pressure of the atmosphere. This spring is so light that the increased vacuum caused by the introduction of a carrier overcomes it, and allows the atmospheric pressure on the outside of the diaphragm to open the valve. The valve remains open as long as the increased vacuum caused by the presence of the carrier in the tube lasts. The rush of air following the delivery of the carrier upsets a vane, as in the original valve, and opens an auxiliary valve, which admits full atmospheric pressure on the inside of the diaphragm. The diaphragm, thus being balanced atmospherically, no longer holds the valve open, and the force of the spring closes it. The valve remains open as long as the carrier is in flight.

In the Libby structure the inside of the diaphragm of the main valve was exposed to the partial vacuum of the tube, and the outside of the diaphragm was inclosed and was normally brought under the same partial vacuum through a small by-pass. This left the diaphragm balanced, and the valve was closed by a spring. The diaphragm of the main valve was controlled by a second valve, called the controlling valve, which was actuated by a second diaphragm. The controlling valve was small and light as compared with the main valve. The increased vacuum caused by the introduction of the carrier actuated the diaphragm of the controlling valve and opened it, thereby admitting full atmospheric pressure on the outside of the main valve. This full atmospheric pressure overcame both the partial vacuum on the other side of the diaphragm of the main valve and the force of the spring, and opened the valve. The controlling valve is an essential part of the Libby device, which will not function without it. There is nothing in any way corresponding with it in the defendants' present structure. It is plain that, while the basic principle of the Libby valve and the defendants' present valve are the same, to the extent at least that both are actuated by the change in vacuum in the tube caused by the introduction of a carrier, the method and the mechanism by which that result is brought about are essentially different in the two devices.

[1-3] Claim 1 of the patent incorporates "a normally closed air valve located in said exhaust tube, mechanism for opening said valve, * * * and means adapted to operate by the restriction of said flow of air to operate said mechanism for opening said air valve to create a maximum flow of air through said transit tube for driving carriers." It is argued by the plaintiff that this language refers only to the main valve, and that the controlling valve is not included as an element of the claim. This construction is very different from that put upon this claim by the plaintiff during the trial of the case. The plaintiff then contended that "mechanism for opening said valve" meant the diaphragm, valve stem, etc., of the main valve, and that "means," etc., meant the controlling valve and its various parts. The plaintiff so stated in explicit language in its brief before the Circuit Court of Appeals. In my opinion the plaintiff's first position was clearly the correct one. The controlling valve and its various parts are brought into the claim by the word "means," etc. The claim should receive a liberal interpretation, and the plaintiff would be entitled to a wide range of equivalents. In the defendants' present valve, however, one element of the claim is entirely lacking. There is no question of equivalents. The defendants' valve does not infringe.

As to the questions now before the court, claim 2 of the patent is not substantially different from claim 1, and the same result follows.

Petition dismissed.