## LAMSON CO. v. R. H. STEARNS CO.
## SAME v. DENHOLM & McKAY CO.

(District Court, D. Massachusetts. September 25, 1924.)

Nos. 1987, 1988.

Patents ⬯328—968,576, claims 1, 2, for valve mechanism in open cash carrier system held valid and infringed.

Libby's patent, No. 968,576, claims 1, 2, for valve mechanism in open cash carrier system, *held* valid as against contention that it infringed Fordyce patent, No. 777,725; also *held* infringed.

In Equity. Suits by the Lamson Company against the R. H. Stearns Company and against the Denholm & McKay Company. On motion for preliminary injunction. Granted.

Robert Cushman, of Boston, Mass., for plaintiff.

Merrell E. Clark and Wm. P. Preble, both of New York City, for defendants.

A. H. Wellman, of Boston, Mass., for defendant R. H. Stearns Co.

W. P. Preble, of New York City, for de-defendant Denholm & McKay Co.

MORTON, District Judge. The plaintiff is entitled to a preliminary injunction, unless the new evidence which the defendants intend to offer has such an important bearing upon the questions involved as to create doubt whether the same result will be reached in this case as in the one against the E. T Slattery Company (296 Fed. 724), already decided by the Circuit Court of Appeals for this circuit (299 Fed. 285). The new evidence consists only of the Fordyce apparatus and patent. The Fordyce patent was dated December 20, 1904, No. 777,725. The Fordyce (or Universal) apparatus was in commercial use before the date of Libby's application, August 14, 1908.

The Fordyce apparatus was an open tube system, having in the exhaust tube a valve which was normally closed. This valve was actuated by a diaphragm, and was opened pneumatically by the insertion of a carrier. There is a by-pass around the diaphragm, through which the partial vacuum of the tube is gradually re-established after the controlling valve is closed, just as in Libby's device. It is in principle the Libby valve, except that it is differently controlled. The means Fordyce employed to control his valve were a second tube leading from the outside chamber of the diaphragm to the sending point, having at the sending point a valve which was opened mechanically by the insertion of a carrier. This momentary opening allowed full atmospheric pressure to reach the outside of the diaphragm through the tube, and caused the main valve to open. The controlling valve at the end of the tube closed as soon as the carrier went forward, and the length of time which the main valve remained open was regulated, as in the Libby device, by the size of the by-pass. There was normally no flow of air through the Fordyce system. It did not operate, as Libby's does, by a restriction of the normal flow, caused by the introduction of a carrier.

It is obvious that the controlling mechanism of the Fordyce apparatus is radically different from Libby's. Libby actuated his valve by the increase in the vacuum in the transmitting tube caused by the insertion of the carrier. He had no separate tube like Fordyce. Nobody before Libby had devised an open system in which the main valve was pneumatically actuated merely by changes in the vacuum of the tube caused by

the introduction of a carrier. That was the basic idea of Libby's invention. To that extent he was a pioneer inventor.

The defendant's apparatus is not constructed on the Fordyce system. It has no second tube. The principal valve is controlled from the transmitting tube through a second diaphragm valve, as in the Libby device. It permits a normal flow of air and operates by the restriction of this flow caused by the carrier. It embodies the Libby principle and method of operation, rather than the Fordyce. The Fordyce apparatus and patent somewhat narrow the breadth attributed to Libby's invention by this court and the Circuit Court of Appeals in the case against the E. T. Slattery Company. But the Libby patent is still clearly entitled, in my opinion, to a construction which includes and covers the defendants' valve. The fact that the Circuit Court of Appeals, upon the Fordyce apparatus being called to its attention, refused to modify the mandate, so as to permit evidence concerning it to be considered in the Slattery Company Case seems to me a strong indication that that court so regarded the matter.

It follows that the plaintiff is entitled to a preliminary injunction in the usual form under claims 1 and 2. A reasonable time will be given to the defendants to alter their systems before the injunction takes effect.